United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-50999
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DIAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1618-1-MC
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

David Diaz appeals from the district court's denial of his application for attorney's fees and litigation expenses under the so-called Hyde Amendment, 18 U.S.C. § 3006A. Having reviewed the record and the brief on appeal, we conclude that the magistrate judge did not abuse his discretion in denying Diaz's application for attorney's fees and litigation expenses. United States v. Truesdale, 211 F.3d 898, 905 (5th Cir. 2000); United States v. Gilbert, 198 F.3d 1293, 1298-1303 (11th Cir. 1999). The record

————————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supports the magistrate judge's determination that the prosecution was not frivolous, vexatious, or in bad faith. <u>Truesdale</u>, 211 F.3d at 909. The Government's theory of the case was novel and one of first impression, and there was some evidence suggesting that the offense charges in the indictment occurred.

Nor did the magistrate judge abuse his discretion in failing to hold an evidentiary hearing. A prevailing defendant is not entitled to a hearing as a matter of right on an application for reimbursement of attorney fees under the Hyde Amendment, and the district court does not abuse its discretion in ruling on a defendant's motion without first holding a hearing where, as here, no hearing was requested. <u>See</u> <u>id.</u> at 906-07.

AFFIRMED.